**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **JUAN RAMON RODRIGUEZ,** | No. 14-16189 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-01923-JKS |
| v. | |
| **MARION SPEARMAN,** | **MEMORANDUM**[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted April 15, 2016
San Francisco, California

Before:    **WALLACE**, **SCHROEDER** and **KOZINSKI**, Circuit Judges.

Davis v. Alaska limits a trial court's discretion to preclude cross-examination that directly relates to an eyewitness's possible biases or motivations to lie.  415 U.S. 308, 317 (1974).  But "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

examination based on concerns about, among other things, harassment, prejudice, confusion of the issues" or relevance. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). In this case, the California Court of Appeal reasonably concluded that the victim's lie about a collateral matter did little to shed light on her possible motivations to lie about Rodriguez and that "delving into the issue [would be] more prejudicial and confusing than probative." Accordingly, the state appellate court's rejection of Rodriguez's Confrontation Clause claim was not contrary to or an unreasonable application of clearly established law. See 28 U.S.C. § 2254(d)(1).

**AFFIRMED**.